Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDA CALLANAN, | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| PLUS FOUR, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC, | |
| Defendants. | **JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

2. This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

3. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Linda Callanan ("Plaintiff") is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Equifax Information Services, LLC ("Equifax") regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

6. Defendant Experian Information Solutions, Inc. ("Experian") regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Ohio.

7. Defendant Trans Union LLC ("Trans Union") regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Trans Union is doing business in Nevada.

8. Defendant Plus Four, Inc. ("Plus Four") is a corporation doing business in Nevada.

9. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## INTRODUCTION

10. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

11. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

12. Plaintiff brings this action to challenge the actions of Equifax, Experian, and Trans Union (collectively, the "CRAs") and Plus Four (collectively with the CRAs, "Defendants") with regard to erroneously reporting and rereporting derogatory credit information.

13. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## SPECIFIC ALLEGATIONS

*Plaintiff incurs a debt to DRS, which she retires on March 8, 2017.*

14. Plaintiff incurred a debt to Desert Radiology Services ("DRS"), which was assigned to Plus Four for collections, Account No. 5816007 ("Disputed Account").

15. Plaintiff had previously paid Plus Four $125.00 on January 20, 2017, and $235.46 on February 10, 2017, both times by check. Both checks were cashed, and thus Plaintiff owed $0 to Plus Four. However, Plaintiff received a collection notice from Plus Four on or about March 2-3, 2017. Thereon, the amount owing was $360.46.

16. Thereafter, Plaintiff contacted Plus Four, and was told there was a balance of $45.20 on the account, and that Plaintiff would have to pay an additional $0.05 in interest to Plus Four. When Plaintiff asked for an explanation of the interest charges, she was told that it would take up to 30 days to obtain an explanation of the charges. Plaintiff terminated the call to Plus Four.

17. Thereafter, Plaintiff contacted DRS directly, obtained an explanation of the charge, and paid the full balance on March 8, 2017. Plaintiff, through her husband, followed up with DRS on April 20, 2017, and was told by DRS on a recorded line that the account had been paid in full and the account had been recalled from Plus Four.

*The CRAs and Plus Four Report Inaccurate Information on the Disputed Account.*[1]

18. In an Equifax credit report dated May 5, 2017, Confirmation No. 7125064285 ("Equifax Credit Report"), Plus Four inaccurately reported the Disputed Account as being in "Collection" in 04/2017; reported an "amount" of $280; a "status" of "unpaid" as of 04/2017; a "balance" as of 04/2017 of $55; and a "last payment date" of 3/13/2017. As a whole, this information was inaccurate, incomplete, and materially misleading, as Plaintiff had paid the account in full by May 5, 2017.

---

[1] The Disputed Account appeared in Plaintiff's Equifax Credit Report and Experian Credit Report as Account No. 5816007; it appeared in her Trans Union Credit Report as Account No. 58160**.

19. In an Experian credit report dated May 5, 2017, Report No. 3389-0867-37 ("Experian Credit Report"), Plus Four inaccurately reported the Disputed Account as being in "Collections" in both April and May 2017; reported an "amount" of $280; a "recent balance" of "$55 as of May 2017"; a "status" of "collection account," with "$55 past due as of May 2017. Additionally, in the "account history" section of the tradeline, Plus Four reporting an "account balance of $55," and a "date payment received" of March 13, 2017. However, Plus Four did not report the "actual amount paid". As a whole, this information was inaccurate, incomplete, and materially misleading, as Plaintiff had paid the account in full by May 5, 2017.

20. In a Trans Union credit report dated May 7, 2017, File No. 340780325 ("Trans Union Credit Report"), Plus Four inaccurately reported the Disputed Account as having a "pay status" of "In Collection," a "past due" balance of $55; a "date updated" of 4/17/17, a "Last Payment Made" on 3/13/2017, and indicated that the account was "open." As a whole, this information was inaccurate, incomplete, and materially misleading, as Plaintiff had paid the account in full by May 7, 2017.

***Plaintiff submits dispute letters to each of the CRAs regarding the Disputed Account.***

21. On or about May 25, 2017, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Plus Four's reported information regarding its reported obligation by notifying Experian, Equifax, and Trans Union in writing, of the incorrect and inaccurate credit information furnished by Plus Four on each CRA's respective Credit Report.

22. Specifically, Plaintiff sent certified letters, return receipt requested, to Equifax ("Equifax Dispute Letter"), Experian ("Experian Dispute Letter"), and Trans Union ("Trans Union Dispute Letter") (collectively "Dispute Letters"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted as appropriate. Plaintiff also requested that Equifax, Experian, and Trans Union each send Plaintiff a copy of her corrected consumer report.

23. Upon information and belief, upon receiving the Dispute Letters, the CRAs each timely notified Plus Four of Plaintiff's dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

24. The CRAs and Plus Four were each required to conduct an investigation and reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

*Each CRA sends Plaintiff reinvestigation results which continue reporting inaccuracies.*

25. Shortly after June 7, 2017, Plaintiff received notification from Experian through its "reinvestigation," Report No. 0706-6525-91 ("Experian Reinvestigation") that Plus Four and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6). On information and belief, the Experian Reinvestigation also qualified as a consumer disclosure within the cognizance of 15 U.S.C. § 1681g. Experian listed the account as "remains," i.e., "this item was not changed as a result of our processing of your dispute."

26. In fact, the Experian Reinvestigation reported additional, derogatory information from Plus Four, in that it reported the account in "collections" in April, May, and June 2017, reported a "recent balance" of "$55 as of Jun 2017," and reported a "status" of "$55 past due as of Jun 2017." Additionally, in the "account history" section, Experian reported an "account balance" of "55" as of May 2017, and indicated that a payment had been received for both April and May 2017 on "Mar13." This information continued to be inaccurate, incomplete, and materially misleading.

27. Shortly after June 10, 2017, Plaintiff received notification from Trans Union through its "reinvestigation," No. 340780325-015 ("Trans Union Reinvestigation") Plus Four and Trans Union received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Verified as Accurate." However, Equifax failed to update the allegedly inaccurate, incomplete, and materially misleading information as Plaintiff had requested.

28. Shortly after June 21, 2017, Plaintiff received notification from Equifax through its "reinvestigation," Confirmation No. 7160058217 ("Equifax Reinvestigation") that Plus Four and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account. However, Equifax failed to update the allegedly inaccurate, incomplete, and materially misleading information as Plaintiff had requested.

29. A reasonable investigation and reinvestigation by Defendants would have indicated that Plaintiff had paid her Plus Four account in full, and the account should not be reporting as "in collection," have any recent balances or outstanding balance amounts, statuses of "open," statuses of "collections" in account payment histories, or inaccurate, incomplete, an misleading information in the account history sections of the Plus Four account.

30. On information and belief, Plus Four and the CRAs failed to review all relevant information provided by Plaintiff in her dispute letters, as required by and in violation of 15 U.S.C. §§ 1681s-2(b)(1)(B) and 1681i(a), respectively.

31. Due to Defendants' failures to reasonably investigate Plaintiff's disputes, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and, 1681e(b) and 1681i(a), respectively.

32. Additionally, by reporting this inaccurate information in her Experian, Equifax, and Trans Union Credit Reports, as well as the Experian Reinvestigation also violated 15 U.S.C. § 1681g(a), because the lack of clarity in the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

### *The CRAs and Plus Four's inaccurate reporting damaged Plaintiff.*

33. The CRAs and Plus Four's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

34. Also as a result of the CRAs and Plus Four's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation a credit denial on June 8,

2017 from Discover in connection with a personal loan to replace the roof on her home, which explicitly referenced the "collection," and indicated that it had obtained the "collection" information from Equifax, Experian, and Trans Union. Additionally, Discover obtained a credit score from Equifax.

35. While Plaintiff did eventually obtain financing from Bank of America and American Express, her Bank of America credit card carries only a $2,500 limit and her American Express loan carries an interest rate of 14.99%. Plaintiff also paid $2,200 out of pocket to fix her roof, as she was only able to borrow $2,200 towards that purchase. Plaintiff also suffered from fear of credit denials and corresponding stress, out-of-pocket gas expenses in challenging the Defendants' wrongful representations, damage to her creditworthiness, and emotional distress.

36. Plaintiff has been required to retain counsel to prosecute this action on her behalf, and is also entitled to an award of reasonable attorney's fees and costs.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

39. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

40. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; ands

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 27, 2017

Respectfully submitted,

By   /s/ David H. Krieger, Esq.
David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129

Attorneys for Plaintiff