UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LINDA CALLAHAN, | Case No. 2:17-CV-2513 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| PLUSFOUR, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant PlusFour, Inc.'s ("PlusFour") motion for summary judgment. (ECF No. 36). Plaintiff Linda Callanan ("plaintiff") filed a response (ECF No. 39), to which PlusFour replied (ECF No. 42).

Also before the court is plaintiff's motion to seal or redact exhibits. (ECF No. 39). PlusFour has not filed a response, and the time to do so has passed.

**I.   Facts**

The instant action involves allegations of inaccurate credit reporting in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

Plaintiff incurred a debt to Desert Radiology Services ("DRS"), which, upon default, DRS assigned to PlusFour for collection. (ECF No. 1). On February 16, 2017, PlusFour sent a collection notice to plaintiff, informing her that her debt of $280.66 had been placed with PlusFour by DRS. (ECF No. 36-4). The letter further informed plaintiff that interest was accruing on the debt and advised her how to make payment to PlusFour. *Id.*

Because the collection notice did not reflect a payment that plaintiff had recently made to DRS (but that DRS had not reported to PlusFour), plaintiff contacted PlusFour to inform it of the

**James C. Mahan**
**U.S. District Judge**

payment. (ECF No. 36-2 at 14). In response, PlusFour credited the payment and informed plaintiff that she had a remaining balance of $45.25 that included $0.05 in interest. *Id.*

Thereafter, on March 6, 2017, PlusFour sent plaintiff an updated collection notice with supporting documentation showing that she owed $45.30, with a principal balance of $45.20. (ECF No. 36-6). In an attempt to avoid paying the $0.10 interest that had accrued on the debt, plaintiff contacted DRS directly and paid it the outstanding principal of $45.20. (ECF No. 36-2 at 9). Neither plaintiff nor DRS notified PlusFour of the payment. *Id.* at 15; (ECF No. 36-7 at 14).

Plaintiff obtained a credit report in April 2017, which she believed incorrectly reported the debt. (ECF No. 36-2 at 7). In response, plaintiff hired a lawyer to dispute the allegedly incorrect reporting and file the instant suit. *Id.* On May 25, 2017, her attorneys sent dispute letters on her behalf to consumer reporting agencies Experian Information Solutions, Inc. ("Experian"), TransUnion LLC ("TransUnion"), and Equifax Information Services, LLC ("Equifax") (collectively, the "CRAs"), stating that the CRAs were incorrectly reporting the debt, as she had paid the debt in full and owed no remaining balance. *Id.* at 11, 14.

Thereafter, PlusFour received automated consumer dispute verifications ("ACDV") from TransUnion on June 2, 2017, Experian on June 6, 2017, and Equifax on June 10, 2017.[1] (ECF No. 36-7 at 8, 10–12). Based on the information that PlusFour had on plaintiff's account at the time, PlusFour verified plaintiff's debt with Experian on June 7, 2017, TransUnion on June 9, 2017, and Equifax on 11, 2017. *Id.*

On June 12, 2017, after PlusFour had verified the debt with the CRAs, plaintiff's counsel contacted PlusFour to inform it that there may have been a payment made directly to DRS that PlusFour was not aware of. *Id.* at 13. Based on that information, PlusFour contacted DRS to confirm that it had received payment of the outstanding principal, and subsequently closed plaintiff's account. *Id.* In doing so, PlusFour wrote off the interest it was still owed by plaintiff,

---

[1] An ACDV is the data form on which a CRA transmits a dispute to a furnisher of credit information. It is transmitted through e-OSCAR, a cloud-based platform used by CRAs and furnishers (like Plus Four) to communicate and respond to consumer disputes.

as courtesy. *Id.* On June 19, 2017, PlusFour reported the account as a "canceled status" to the CRAs. *Id.* at 15.

On September 27, 2017, plaintiff initiated this action against defendants PlusFour, Equifax, Experian, and TransUnion, asserting one cause of action: violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (ECF No. 1). Plaintiff alleges that she was damaged by PlusFour's actions when she sought credit from Discover in the amount of $7,200, which denied her credit application on June 8, 2017, pursuant to plaintiff's credit report, which showed the outstanding collection with PlusFour. *Id.* at 8. Plaintiff further alleges that she has suffered emotional distress as a result of this dispute, as well as "out of pocket damages in an amount of about $50 in the process of attempting to correct the PlusFour reporting." (ECF No. 37 at 7).

The court now considers PlusFour's motion for summary judgment and plaintiff's motion to seal and redact exhibits. (ECF Nos. 36, 39).

## II. Legal Standard

### a. *Summary Judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case,

the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### b. Seal and redact

Local Rule IC 6-1 provides:

> (a) Parties must refrain from including—or must partially redact, where inclusion is necessary—the following personal-data identifiers from all documents filed with the court, including exhibits, whether filed electronically or in paper, unless the court orders otherwise:
> (1) Social Security Numbers. If an individual's Social Security number must be included, only the last four digits of that number should be used.
> (2) Names of Minor Children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.
> (3) Dates of Birth. If an individual's date of birth must be included, only the year should be used.
> (4) Financial Account Numbers. If financial account numbers must be included, only the last four digits of these numbers should be used.
> (5) Home Addresses. If a home address must be included, only the city and state should be listed.
> (6) Tax Identification Number. If a tax identification number must be used, only the last four digits of that number should be used.
> (b) A pro se party or attorney making a redacted filing also may file an unredacted copy under seal. The document must contain the following heading in the document: "SEALED DOCUMENT UNDER FED. R. CIV. P. 5.2" or "SEALED DOCUMENT UNDER FED. R. CRIM. P. 49.1," as appropriate. This document must be retained by the court as part of the record until further court order. But the court may still require the party to file a redacted copy for the public record.
> (c) The responsibility for redacting these personal identifiers rests solely with attorneys and the parties. The clerk will not review each filing for compliance with this rule.

LR IC 6-1.

A party seeking to file a confidential document or utilize a confidential document at trial must also comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or

James C. Mahan
U.S. District Judge

> release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (citations omitted).

### III. Discussion

#### a. Motion for summary judgment

Congress enacted the Fair Credit Reporting Act ("FCRA") in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "As it relates to furnishers of information to consumer reporting agencies, the FCRA sets forth two general requirements: the duty to provide accurate information, 15 U.S.C. § 1681s–2(a), and the duty to investigate the accuracy of reported information upon receiving notice of a dispute, § 1681s–2(b)." *Waldrop v. Green Tree Servicing, LLC*, No. 214CV2091JCMGWF, 2015 WL 5829879, at *3 (D. Nev. Oct. 5, 2015) (quoting *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003)).

The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. 15 U.S.C. § 1681n–o; *see also Nelson v. Chase Manhattan Morg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duty to investigate the accuracy of reported information upon receiving notice of a dispute. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

"Liability on a furnisher is limited in that an individual consumer cannot state an FCRA claim against a furnisher unless the furnisher receives notice of the disputed information from the CRA and fails to comply with its duties." *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1120 (D. Nev. 2008). "Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher." *Nelson*, 282 F.3d at 1060. This "filtering mechanism" is an "opportunity for the furnisher to save itself from liability by taking the steps required in § 1681s–2(b)." *Id.*

Once a furnisher of information has received a report from a CRA that the furnisher provided inaccurate information, the furnisher must conduct an investigation within thirty (30) days, review all relevant information regarding the dispute, report its results to the CRA, report any inaccuracies to the CRA, and modify, delete, or permanently block any mistakes. 15 U.S.C. § 1681s-2(b)(1)(A)–(E); *see also Gorman*, 584 F.3d at 1162–64. The "pertinent question" in analyzing the adequacy of the furnisher's investigation, is "whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Id.* at 1157. Plaintiff bears the burden of showing that the investigation was unreasonable. *See id.* at 1163; *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010).

In its motion, PlusFour argues that summary judgment in its favor is appropriate because it complied with its duties under the FCRA by deleting plaintiff's account within 30 days of receiving notice of her dispute. (ECF No. 36 at 9). As PlusFour accurately notes, "no violation can occur until after the 30-day deadline for completing a proper reinvestigation has expired." *Id.* (quoting *Johnson*, 558 F. Supp. 2d at 1135–36) (quotations omitted).

In her response to PlusFour's motion, plaintiff argues that PlusFour did not satisfy its duties under the FCRA because it did not update the CRAs of its deletion of plaintiff's account through e-OSCAR; instead, PlusFour updated the CRAs on the status of plaintiff's account through its monthly reporting platform. (ECF No. 37 at 11). However, plaintiff presents no authority requiring furnishers to respond to ACDVs through e-OSCAR, as the FCRA and relevant case-law make no such demand.

Additionally, plaintiff argues that PlusFour's initial investigation and response to the CRAs' ACDVs was unreasonable, because PlusFour failed to verify plaintiff's payments with DRS prior to verifying the debt with the CRAs on June 7, 9, and 11, 2017. *Id.* at 13–15. However, plaintiff is misguided with respect to the duties of a furnisher pursuant to the FCRA. As previously discussed, PlusFour accurately updated plaintiff's account and notified the CRAs of its status prior to the expiration of the 30-day period prescribed by the FCRA. No more is required by the FCRA, and plaintiff presents no authority suggesting otherwise.

Accordingly, because the court finds that PlusFour did not violate the FCRA, the court will grant PlusFour's motion for summary judgment.

### b. *Motion to seal and redact*

Plaintiff seeks permission to redact the portions of exhibits A-1–7, B, C, and G–I to her response to PlusFour's motion for summary judgment that contain personal identifiers pursuant to LR IC 6-1. (ECF No. 39); s*ee* (ECF No. 37-2–10, 14–16). Additionally, plaintiff requests permission to file under seal exhibit E to her response, which is a copy of the services agreement (the "agreement") between PlusFour and DRS. *Id.*; *see* (ECF No. 37-12). Plaintiff asserts that the agreement contains the confidential and proprietary business information, and therefore should be sealed in its entirety. (ECF No. 39 at 4).

As to the documents that plaintiff seeks to file with partial redactions to protect personal identifiers, the court finds that plaintiff has redacted these exhibits in accordance with Local Rule IC 6-1. *See* LR IC 6-1. Accordingly, the court will grant plaintiff's motion with respect to exhibits A-1–7, B, C, and G–I.

With respect to exhibit E to plaintiff's response, which plaintiff seeks permission to seal in its entirety, the court finds that this document contains proprietary information, including PlusFour's internal policies and procedures, the dissemination of which would harm PlusFour. *See* (ECF No. 37-12). Because the agreement contains trade secrets and sensitive information relating to PlusFour's business operations, the court finds compelling reasons sufficient to outweigh the public's interest in disclosure exist to allow the parties to file the agreement under seal. *See Kamakana*, 447 F.3d at 1178–79; *see also* (ECF No. 39-1).

Accordingly, the court will grant plaintiff's motion to seal or redact, consistent with the foregoing.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that PlusFour's motion for summary judgment (ECF No. 36) be, and the same hereby is, GRANTED.

1 | IT IS FURTHER ORDERED that plaintiff's motion to seal or redact exhibits (ECF No.
2 | 39) be, and the same hereby is, GRANTED, consistent with the foregoing.

The clerk is instructed to enter judgment accordingly and close the case.

DATED January 23, 2019.

                                                                        */s/ James C. Mahan*
                                                                 UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 9 -